**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE: **ALEXANDER AMEZQUITA GUTIERREZ**        BK. CASE #

DEBTOR(S)        CHAPTER 13

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims. Any party entitled to receive disbursements from the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan.** • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee: [X] directly [ ] by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

**PLAN DATED:** August 21, 2013        **AMENDED PLAN DATED:** _____
[X] PRE  [ ] POST-CONFIRMATION        FILED BY [X] DEBTOR [ ] TRUSTEE [ ] UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| $ | Amount | x | Months | = | $ | Total |
|---|--------|---|--------|---|---|-------|
| $ | 550.00 | x | 12 | = | $ | 6,600.00 |
| $ | 1,300.00 | x | 48 | = | $ | 62,400.00 |
| $ | 0.00 | x | 0 | = | $ | 0.00 |
| $ | 0.00 | x | 0 | = | $ | 0.00 |
| $ | 0.00 | x | 0 | = | $ | 0.00 |
|   | TOTAL | = | 60 | $ | 69,000.00 | |

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from
[ ] Sale of property identified as follows: _____
[ ] Other: _____

Periodic Payments to be made other than and in addition to the above.
$ _____ x _____ = $ _____
To be made on: _____

**PROPOSED PLAN BASE:** $ 69,000.00

### II. ATTORNEY'S FEES

To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

a. Rule 2016(b) Statement:        $ 3,000.00
b. Fees Paid (Pre-Petition):     ($ 1,000.00 )
c. R 2016 Outstanding balance:   ($ 2,000.00 )
d. Post Petition Additional Fees: $ 0.00
e. Total Compensation:           $ 3,000.00

Signed: /s/ ALEXANDER AMEZQUITA
DEBTOR

_____
JOINT DEBTOR

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:**
[ ] Debtor represents that there are no secured claims.
[X] Secured creditors will retain their liens and shall be paid as follows:

[ ] **ADEQUATE PROTECTION** Payments: Cr. _____ $ 0.00
[X] Trustee will pay secured **ARREARS**:
Cr. **DORAL BANK**        Cr. _____        Cr. _____
Acct. XXXX4265            Acct. _____      Acct. _____
$ 25,828.74               $ _____          $ _____

[ ] Trustee will pay REGULAR MONTHLY PAYMENTS:
(please refer to the above related notice, for important information about this provision)
Cr. _____        Cr. _____        Cr. _____
Acct. _____      Acct. _____      Acct. _____
Monthly Pymt.$ _____  Monthly Pymt.$ _____  Monthly Pymt.$ _____

[X] Trustee will pay **IN FULL** Secured Claims:
Cr. **INTERNAL**          Cr. _____        Cr. _____
$ 25,749.70               $ _____          $ _____

[ ] Trustee will pay **VALUE OF COLLATERAL**:
Cr. _____        Cr. _____        Cr. _____
$. _____         $. _____         $. _____

[ ] Secured Creditor's interest will be insured. **INSURANCE POLICY** will be paid through plan:
Cr. _____  Ins. Co. _____  Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

[ ] Debtor SURRENDERS COLLATERAL TO Lien Holder:
[X] Debtor will maintain REGULAR PAYMENTS DIRECTLY to: **DORAL BANK**

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
[X] **INTERNAL REVENUE SERVICE**

**C. UNSECURED PREFERRED:** [ ] Plan [ ] Classifies [X] Does not Classify claims
[ ] Class A: [ ] Co-debtor Claims: [ ] Pay 100%/ [ ] "Pay Ahead"
[ ] Class B: [ ] Other Class:
[ ] Cr. _____  [ ] Cr. _____  [ ] Cr. _____
$ _____        $ _____        $ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ _____ )
[ ] Will be paid 100% plus ___% Legal Interest. [X] Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**

\* For additional other provisions, please see attachment sheet(s).

ATTORNEY FOR DEBTOR:   /s/ Enrique Almeida / Zelma Davila;        Phone: (787) 722-2500

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| IN RE: | **ALEXANDER AMEZQUITA GUTIERREZ** | BK. CASE # |
| | DEBTOR(S) | CHAPTER 13 |

### Chapter 13 Plan Continuation Sheet

**Additional Other Provisions:**

---ATTORNEYS FEES FOR DEBTOR(S)' ATTORNEY: Upon confirmation of the plan, the trustee will pay the attorney fees before any other creditor.

---TAX REFUNDS: All non-exempt tax refunds will be devoted each year, as periodic payments, to the plan's funding until plan completion. the tender of such payments shall deem the plan modified by such amount, increasing the plan base thereby without the need of further notice, hearing or court order. If need be for the use by the Debtor(s) of a portion of such refund, Debtor(s) shall seek the Court's authorization prior to any use of funds.

---FILING PROOFS OF CLAIMS:  To receive payment from the trustee, either prior to or following confirmation, a creditor must file a proof of claim.  Claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court. A creditor that is provided for under the plan and fails to file a timely allowed claim, will have waived its right to request relief from the automatic stay.  However, if a creditor does not file a timely proof of claim, the either the debtor(s) or the trustee may file such claim under 11 USC 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

---OBJECTION TO CLAIMS: Confirmation of this plan does not bar a party in interest from objecting to a claim.

---CLASSIFICATION OF CLAIMS: If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

---PROPERTY OF THE ESTATE: Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.  All property of the debtor remains vested in the estate until completion of the plan. The Debtors shall have sole right to use and possession thereof during the pendency of this case, including the right to use, sell or lease such property in the ordinary courseof the Debtor(s)' affairs.

---ARBITRATION: All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

---SECURED CLAIMS - CURE AND MAINTAIN PAYMENTS: The ongoing postpetition payments on Debtor(s)' mortgage, begining with the payment due on SEPTEMBER 2013, will be paid directly by the Debtor(s) to creditor DORAL BANK, for account number ending in XXX4265, secured by property located at STREET 10, PARCELA M, BUCARABONES WARD, TOA ALTA.
The Debtor(s) will cure the default on the mortgage within a reasonable period of time by making payments on the arrearages through the plan, which payments shall be disbursed by the trustee to the creditor. The amount necessary to cure the default may also include any postpetition arrearages, but only to the extent these amounts are authorized by the note and mortgage and approved by the Court after notice to the Debtor(s), Debtor's counsel, and the Trustee.
Upon confirmation of the plan creditor DORAL BANK shall treat the prepetition arrearages (and postpetition arrearages, if any) as if they are contractually current, subject to and contingent upon successful completion of mortgage cure payments and regular monthly mortgage payments under the plan.

---524(i) PROVISION: Confirmation of the plan shall impose a duty on Real Property Creditors and servicers, with respect to application of payments, to comply with the provisions of 11 U.S.C. §524(i). As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:
A.  To apply all post-petition payments received from the Chapter 13 Trustee or the Debtor and designated to the pre-petition arrearage claim and the post petition arrearage claim (if such exists) only to such claims;
B. To apply all post-petition payments received from the Chapter 13 Trustee and designated as Conduit Mortgage Payments beginning with the calendar month and year designated for payment by the Court in the Order Confirming Plan;
C. To apply all post-petition payments received directly from the Debtor in a non-conduit mortgage plan only to post-petition payments unless otherwise ordered by the Court;
D. To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on the pre-petition default;

**E. To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow and taxes) unless notice of such fees and charges has been made to the Debtor and the Chapter 13 Trustee and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 13 Trustee or the Debtor;**

**F. To the extent that any post-confirmation fees or charges are allowed pursuant to a Court Order and are added to the Plan, to apply only payments received from the Chapter 13 Trustee and designated in payment of such fees and charges to such fees and charges. To the extent that such fees or charges are allowed by Court Order and are NOT added to the Plan, to apply only payments received directly from the Debtor and designated in payment of such fees and charges to such fees and charges.**